# Exhibit 9

**CONFIDENTIAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC FINNERUD,<br>SOUND ALIVE ENTERPRISE, LLC, and<br>DISTROMINT, LLC,<br><br>*Plaintiffs and Counterclaim-Defendants*,<br><br>v.<br><br>NCHAIN UK LTD,<br><br>*Defendant and Counterclaim-Plaintiff*. | ) | Civil Action<br>File No.: 1:24-cv-05280-SDG |

**<u>DEFENDANT AND COUNTERCLAIM-PLAINTIFF NCHAIN UK LTD'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS ERIC FINNERUD, SOUND ALIVE ENTERPRISE, LLC, AND DISTROMINT, LLC'S FIRST INTERROGATORIES</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the United States District Court for the Northern District of Georgia ("Local Rules"), nChain UK LTD ("Defendant" or "nChain UK"), by and through counsel, supplements its Responses and Objections to Plaintiffs Eric Finnerud, Sound Alive Enterprise, LLC, and DistroMint, LLC's ("Plaintiffs") First Interrogatories ("Interrogatories," and each an "Interrogatory"), dated January 8, 2026, in the above-captioned action ("Action").

**CONFIDENTIAL**

***By responding and objecting to the Interrogatories, nChain UK does not consent to the personal jurisdiction of the Court, does not seek to avail itself of this forum and/or its laws, and expressly reserves, and does not waive, all jurisdictional objections and defenses***.

## OBJECTIONS TO INSTRUCTIONS

1. nChain UK objects to the Instructions to the extent that they impose obligations beyond those required by the Applicable Rules.[1]

2. nChain UK objects to Instructions 1-6 as relevant to the production of documents but irrelevant to the Interrogatories and directs Plaintiffs to nChain UK's objections to Instructions 1-6 in the Responses and Objections to Plaintiffs' First Request for Production of Documents to Defendant.

3. nChain UK further objects to Instruction 2 as unduly burdensome and seeking irrelevant information because Plaintiffs request answers to Interrogatories for information post-dating the dispute between the Parties, and so will answer the Interrogatories only for a reasonable time period—October 1, 2022 to January 29, 2024.

---

[1] The "Applicable Rules" include the Federal Rules of Civil Procedure, the Local Rules, the Court's Standing Order, and any order entered or to be entered in this proceeding, or any other applicable rule or law.

4. nChain UK further objects to Instructions 7-8 to the extent that they purport to impose obligations beyond those required by the Applicable Rules.

## OBJECTIONS TO DEFINITIONS

1. nChain UK objects to the definition of the terms “Defendant,” “you,” “your,” or “nChain” as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to include information that is not within nChain UK’s possession, custody, or control, including to the extent the definition purports to include unspecified “any other entity or person acting on its behalf.” nChain UK will interpret these terms to mean nChain UK Ltd, and will only produce documents in the possession, custody, or control of nChain UK Ltd, its current employees, or its authorized agents.

2. nChain UK objects to the definition of the terms “Communication” and “Communications” as vague, ambiguous, overbroad, and unduly burdensome, and to the extent those definitions purport to impose on nChain UK obligations broader than or inconsistent with those imposed by the Applicable Rules. nChain UK further objects to the definition of the terms “Communication” and “Communications” to the extent that they are duplicative of the term “Document,” and to the extent that they purport to include communications that are not within nChain UK’s possession, custody, or control. nChain UK will interpret the terms “Communication” or

"Communications" to mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. nChain UK objects to the definition of the term "Document" as vague, ambiguous, overbroad, and unduly burdensome, and to the extent it purports to impose on nChain UK obligations broader than or inconsistent with those imposed by the Applicable Rules. nChain UK will interpret the term "document" to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

4. nChain UK objects to the definition of the terms "referring" or "relating" because these terms are not used in the Interrogatories.

5. nChain UK objects to the definition of the terms "identification," "identify," and "identity" when used in reference to a document, natural person, corporate entity, communication or activity as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to impose obligations on nChain UK beyond those required by the Applicable Rules. nChain UK will interpret these terms to mean, when referring to a person, to the extent known, the person's full name and current or last known position at nChain UK or the nChain Group.

6. nChain UK objects to the definition of the term "Agreement" as vague, ambiguous, and assuming facts in dispute, because it refers to a purported "oral agreement" that did not occur and because it relies on the undefined terms "Parties"

and "DistroMint." nChain UK will interpret the term "Agreement" to refer to the proposal described as "E.Smitty/nChain Transaction Restructure Proposal," which nChain UK does not agree constitutes an "agreement" and which nChain UK will describe as the "Proposal."

7. nChain UK objects to the definition of the term "DistroMint Project" as vague, ambiguous, overbroad, inconsistent, and unduly burdensome to the extent it purports to include any "music distribution platform" that utilizes any "blockchain technology," and because it is unclear what "DistroMint Project" is "the subject of this litigation" as Plaintiffs' Complaint in this action does not refer to any "DistroMint Project." nChain UK will interpret the term "DistroMint Project" to mean the alleged music platform referred to as "DistroMint" described in Plaintiff's complaint.

## SPECIFIC RESPONSES AND OBJECTIONS[2]

### INTERROGATORY NO. 1:

Identify all persons answering, or supplying any information in answering,

---

[2] The inadvertent disclosure of any information that is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver of any such privilege, immunity, claim of confidentiality or any ground for objecting to discovery with respect to such information, or the right of nChain UK to object to the use of any such information in this Action or elsewhere.

these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

nChain UK objects to the extent this Interrogatory calls for the identification of outside counsel to nChain UK. nChain UK identifies the following personnel as having, answering or supplying information in answering these Interrogatories: Dale Evans (Legal, nChain UK), Elena Anatolievna Spiers-King (Director, nChain UK).

**INTERROGATORY NO. 2:**

Identify all persons (including title and role) who participated on behalf of nChain in any discussions, negotiations, or communications with Eric Finnerud or any Plaintiff regarding the DistroMint Project from December 2021 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

nChain UK objects to this Interrogatory as overbroad and unduly burdensome to the extent it seeks identification of "all" persons and because the information is equally available with less burden to Plaintiffs, who were the counterparties to the communications at issue in this Interrogatory, such that "the burden of deriving or ascertaining the answer will be substantially the same for either party," Fed. R. Civ. P. 33(d). nChain UK will identify only individuals who were substantially involved in communications with Plaintiffs and will not undertake to identify persons who did not actively participate in the communications with Plaintiffs regarding the DistroMint Project, including those merely copied on the communications, and directs Plaintiffs to those communications, which are equally in Plaintiffs'

possession, custody, and control. nChain UK further objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK also objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to any claim or defense in this action to the extent it seeks information "since December 2021" because Plaintiffs allege (at Compl. ¶ 39) that the purported "Development Agreement" was entered into on December 12, 2022 and Finnerud contacted nChain UK through counsel in January 2024. nChain UK further objects to the Interrogatory to the extent that the term "on behalf of" is not defined and calls for a legal conclusion. By identifying any individuals in response to the Interrogatory, nChain UK does not concede that any such individual was acting as an agent of nChain UK or otherwise had the authority to do so. nChain UK further objects to this Interrogatory to the extent it seeks the discovery of information protected by any applicable privilege, including but not limited to the attorney-client and/or trial prep-aration privilege and the work product doctrine, including under foreign law.

Subject to and without waiving the foregoing Objections, nChain UK directs Plaintiffs to the documents that will be produced in this case, *see* Fed. R. Civ. P. 33(d), and also identifies the following persons for the period from December 1, 2022 to January 29, 2024:

- Christen Ager-Hanssen (Former CEO of the nChain Group);

- Urban Bratina (Former Project Manager, nChain Group);
- Matevz Baskovc (Former Technology Fellow, nChain Group);
- Dale Evans (Legal, nChain UK);
- Andrew Moody (Former CFO, nChain UK);
- James Marchant (Former Deputy CEO, nChain Group);
- Roman Puhek (Former Head of Slovenia office, nChain Group);
- Arthur Roberts (Former IP Counsel, nChain UK);
- Tian Tian (Former Director of Marketing, nChain UK);
- Simon Wood (Finance Director, nChain UK).

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2 (August 21, 2026):**

nChain UK incorporates by reference its previous Response and Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, nChain UK identifies the following additional persons for the period from December 1, 2022 to January 29, 2024:

- Robert Alizon (Chief IP Officer, nChain Group)
- David Habot (Former Project Manager, nChain d.o.o. (d/b/a nChain Slovenia))
- Nejc Habulin (Former Junior UX/UI Designer, nChain Slovenia)
- Anna Hogarth (Former Head of Ecosystem Growth, nChain UK)
- Tina Krnjic (Former Senior Product Designer, nChain Slovenia)

- Chrisine Leong (Former Chief Information Officer, nChain UK)
- Damir Rekic (Former Senior UX/UI Designer, nChain Slovenia)
- Matej Stavanja (Former Backend Team Lead, nChain Slovenia)
- Luka Topolovec (Former Head of Technology Factory, nChain Slovenia)
- Matej Trampus (Former Technology Fellow, nChain Slovenia)
- Jure Vengust (Former Lead DevOps, nChain Slovenia)

**INTERROGATORY NO. 3:**

Describe in detail the terms of the Agreement as understood by nChain, including but not limited to each party's obligations, resource commitments, payment terms, ownership of intellectual property, and conditions for transfer of source code.

**RESPONSE TO INTERROGATORY NO. 3:**

nChain UK objects to the definition of the terms "nChain" and "Agreement," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory because it seeks nChain UK's legal conclusions concerning a purported "Agreement" that nChain UK disputes, and because the Interrogatory is at best a premature contention interrogatory. nChain UK further objects to this Interrogatory because it calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine. nChain UK further objects to this Interrogatory because it purports to impose obligations beyond those required by the Applicable Rules.

nChain UK will not respond to this Interrogatory.

**INTERROGATORY NO. 4:**

State whether nChain contends that no enforceable agreement existed with Plaintiffs regarding the DistroMint Project and, if so, identify all facts and documents supporting that contention.

**RESPONSE TO INTERROGATORY NO. 4:**

nChain UK objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory as a premature contention interrogatory at this early stage in the litigation. nChain UK objects to this Interrogatory because it calls for the disclosure of information protected by attorney-client privilege and/or the work product doctrine, including nChain UK's legal conclusions and work product.

nChain UK will not respond to this Interrogatory at this time, except to confirm that nChain UK contends that no enforceable agreement existed with Plaintiffs regarding the DistroMint Project.

**INTERROGATORY NO. 5:**

Identify all payments made by nChain to Eric Finnerud, Sound Alive Enterprise, LLC, or DistroMint, LLC, including date, amount, purpose, and recipient bank.

**RESPONSE TO INTERROGATORY NO. 5:**

nChain UK objects to the definition of the term "nChain," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory as premature because it calls for a contention as to the "purpose" of any payment by nChain UK to Plaintiffs.

Subject to and without waiving the foregoing objections, nChain UK identifies the following payments made by nChain UK to Eric Finnerud, Sound Alive Enterprise, LLC, or DistroMint, LLC:

| Transfer Date | Amount (USD) | Recorded Payment Purpose | Recipient Bank |
|---|---|---|---|
| January 11, 2023 | 12,500.00 | Consulting | Renasant Bank<br><br>Broadway Building, 209 Troy Street,<br><br>Tupelo, Mississippi 38804 |
| February 21, 2023 | 12,500.00 | Consulting | |
| March 13, 2023 | 12,500.00 | Consulting | |
| April 13, 2023 | 12,500.00 | Consulting | |
| May 11, 2023 | 5,134.25 | Expenses | |
| May 11, 2023 | 12,500.00 | Consulting | |
| June 12, 2023 | 25,000.00 | Consulting | |
| June 23, 2023 | 15,500.00 | Expenses | |
| July 11, 2023 | 12,500.00 | Consulting | |
| July 11, 2023 | 5,300.00 | Expenses | |

| | | | |
|---|---|---|---|
| August 21, 2023 | 11,243.00 | Expenses | |
| August 21, 2023 | 12,500.00 | Consulting | |
| September 15, 2023 | 7,200.00 | Expenses | |
| September 8, 2023 | 12,500.00 | Consulting | |
| October 11, 2023 | 12,500.00 | Consulting | |
| December 18, 2023 | 12,500.00 | Consulting | |
| December 18, 2023 | 12,500.00 | Consulting | |
| January 16, 2024 | 12,500.00 | Consulting | |

**INTERROGATORY NO. 6:**

Describe all work performed by nChain personnel or contractors on the DistroMint Project, in any form, from August 2022 to the present, including the identity of each person involved and the nature of their contributions. This request includes the inception of the joint venture through the commencement of this lawsuit.

**RESPONSE TO INTERROGATORY NO. 6:**

nChain UK objects to this Interrogatory because the phrase "joint venture," and its purported "inception" is undefined, vague and ambiguous, including because nChain UK does not agree there was any such "joint venture." nChain UK further objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the extent that it seeks information about "all work performed . . . in any form" about a project,

even though such documents will not all be relevant to the dispute. Furthermore, Plaintiffs have requested extensive document production concerning the DistroMint Project.

nChain UK will not respond to this Interrogatory as written but directs Plaintiffs to the forthcoming document productions in this action.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 (August 21, 2026):**

nChain UK objects to this Interrogatory because the phrase "joint venture," and its purported "inception," is undefined, vague and ambiguous, including because nChain UK does not agree there was any such "joint venture." nChain UK further objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the extent that it seeks information about "all work performed . . . in any form" about a project, even though such documents will not all be relevant to the dispute. Furthermore, Plaintiffs have requested—and nChain UK has made—extensive document production concerning the DistroMint project. Accordingly, nChain UK will respond to this Interrogatory only to provide the "identity of each person" who made substantial contributions to the technical development of the DistroMint project, and does not purport to provide a complete list of individuals who may have provided incidental support or general oversight.

Subject to and without waiving the foregoing objections, nChain UK identifies the following persons who made substantial contributions to the technical development of the DistroMint project for the period from December 1, 2022 to January 29, 2024:

| **Name** | **Title / Role** | **Engaged By** |
|---|---|---|
| Matevz Baskovc | Technology Fellow | nChain Slovenia |
| Urban Bratina | Project Manager | nChain Slovenia |
| Nejc Fegus | Quality Assurance | nChain Slovenia |
| Cornel-Cristian Filip | Backend Developer | nChain UK |
| Lovro Forštner | Backend Developer | nChain Slovenia |
| David Habot | Project Manager | nChain Slovenia |
| Nejc Habulin | Designer | nChain Slovenia |
| Adel Kovačevič | Frontend Developer | nChain Slovenia |
| Matej Meklav | Frontend Developer | nChain Slovenia |
| Matic Mirnik | Backend Developer | nChain Slovenia |
| Jure Plešej | Backend Developer | nChain Slovenia |
| Miha Podplatnik | Backend Developer | nChain Slovenia |
| Simon Rajter | Frontend Developer | nChain Slovenia |
| Damir Rekic | Designer | nChain Slovenia |

| | | |
|---|---|---|
| Mark Robson | Backend Developer | nChain UK |
| Nejc Sevčnikar | Frontend Developer | nChain Slovenia |
| Matej Stavanja | Backend Developer | nChain Slovenia |
| Max Šramek | Frontend Developer | nChain Slovenia |
| Tim Toplak | Frontend Developer | nChain Slovenia |
| Matej Trampus | Technology Fellow | nChain Slovenia |
| Jure Vengušt | DevOps | nChain Slovenia |

Further, nChain UK directs Plaintiffs to nChain UK's document productions in this Action for additional information concerning the technical work performed on behalf of nChain UK in connection with the DistroMint project. Documents reflecting such work include, but are not limited to, the following:

- NCH0000020
- NCH0000030
- NCH0000061
- NCH0000070
- NCH0000111
- NCH0000112
- NCH0000153
- NCH0000269
- NCH0000270
- NCH0000272
- NCH0000281
- NCH0000326
- NCH0000462

- NCH0000464
- NCH0000486
- NCH0000526
- NCH0000666
- NCH0000692
- NCH0000793
- NCH0000795
- NCH0000972
- NCH0000974
- NCH0000979
- NCH0001282
- NCH0001334
- NCH0001449
- NCH0001481
- NCH0001519
- NCH0001612
- NCH0001621
- NCH0001674
- NCH0001676
- NCH0001678
- NCH0001684
- NCH0001687
- NCH0002666
- NCH0002669
- NCH0003522
- NCH0003753
- NCH0003765
- NCH0003869
- NCH0004139
- NCH0005436
- NCH0005977

**INTERROGATORY NO. 9:**

Identify all valuations, appraisals, or internal assessments conducted by or for nChain of the DistroMint Project or platform, including the approximately $10 million valuation referenced in Plaintiffs' initial disclosures and the attached Exhibit 1.

**RESPONSE TO INTERROGATORY NO. 9:**

nChain UK objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory because the terms "platform" and "internal assessment" are undefined, vague and ambiguous. nChain UK further objects to this Interrogatory because it calls for a conclusion as to the disputed issues of fact and/or law, specifically a purported "$10 million valuation," which nChain UK disputes. nChain UK further objects to this Interrogatory because "the burden of deriving or ascertaining the answer will be substantially the same for either party" based on the productions to be made in this Action. nChain UK further objects to this Interrogatory because it seeks the discovery of information protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiver of the foregoing objections, and to the extent any non-privileged valuations or appraisals of the DistroMint Project exist and can be identified through a reasonable search, nChain UK directs Plaintiffs to nChain UK's forthcoming document productions in this action, *see* Fed. R. Civ. P. 33(d).

**<u>FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9 (August 21, 2026):</u>**

nChain UK incorporates by reference its previous Response and Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, nChain UK refers Plaintiffs to nChain UK's Response to Interrogatory No. 19 of Plaintiffs' Second Interrogatories.

**<u>INTERROGATORY NO. 10:</u>**

Describe all contacts (including communications, transactions, or travel) between nChain and any person or entity in Georgia from January 1, 2020 to the present, including the date, nature, and participants of each contact.

**<u>RESPONSE TO INTERROGATORY NO. 10:</u>**

nChain UK objects to this Interrogatory as overly broad, unduly burdensome, and irrelevant to the extent it seeks "*all* contacts (including communications, transactions, or travel) between nChain and *any* person or entity in Georgia" unrelated to Plaintiffs and their claims, or any business purpose. nChain UK further objects to the definition of the term "nChain," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory as overbroad, unduly burdensome, and not relevant to any claim or defense in this action to the extent it seeks information "from January 1, 2020" because Plaintiffs allege (at Compl. ¶ 39) that the purported "Development Agreement" was entered into on December 12, 2022.

Subject to and without waiving the foregoing objections, nChain UK responds that it is unaware of any business-related travels to the State of Georgia by its personnel from October 1, 2022 to January 29, 2024 related to the DistroMint Project.

**INTERROGATORY NO. 11:**

Identify all nChain employees, contractors, or agents who communicated with Eric Finnerud or any Georgia resident regarding the DistroMint Project, and state the number and medium of such communications.

**RESPONSE TO INTERROGATORY NO. 11:**

nChain UK objects to this Interrogatory as overly broad, unduly burdensome, and irrelevant because it seeks information about "*all* contacts (including communications, transactions, or travel) between nChain and *any* person or entity in Georgia," including persons or entities having nothing to do with the issues in dispute in this case. nChain UK objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory as duplicative of Plaintiffs' Interrogatories Nos. 2 and 10, and refers to its Responses and Objections to those Interrogatories.

nChain UK notes that no nChain UK personnel were physically present in Georgia in connection with the DistroMint project. nChain UK will not respond to this Interrogatory because "the burden of deriving or ascertaining the answer will be

substantially the same for either party" based on the productions to be made in the case concerning communications regarding the DistroMint Project, *see* Fed. R. Civ. P. 33(d), and the communications already in Plaintiffs' possession, custody, and control.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11 (August 21, 2026):**

nChain UK incorporates by reference its previous Response and Objections as if fully set forth herein. Subject to and without waiving the foregoing objections, nChain UK refers Plaintiffs to nChain UK's Response and First Supplemental Response to Interrogatory No. 2 of Plaintiffs' First Interrogatories for a list of persons who were substantially involved in communications with Plaintiffs regarding the DistroMint project. Further, nChain UK identifies the following non-exhaustive list of documents as examples of the number and medium of such communications:

Microsoft Teams Meetings:

- NCH0000020
- NCH0000030
- NCH0000061
- NCH0000070
- NCH0000111
- NCH0000112
- NCH0000153
- NCH0000269
- NCH0000270

- NCH0000272
- NCH0000462
- NCH0000464
- NCH0000486
- NCH0000666
- NCH0000692
- NCH0000793
- NCH0000795
- NCH0000972
- NCH0000974
- NCH0000979
- NCH0001282
- NCH0001334
- NCH0001449
- NCH0001481
- NCH0001519
- NCH0001612
- NCH0001621
- NCH0001671
- NCH0001674
- NCH0001676
- NCH0001678
- NCH0001684
- NCH0001687
- NCH0002666
- NCH0002669
- NCH0003522
- NCH0003753
- NCH0003765
- NCH0003869

Email Correspondence:

- NCH0000138
- NCH0000233
- NCH0000244
- NCH0000250
- NCH0000281
- NCH0000420
- NCH0000526
- NCH0000756
- NCH0000845
- NCH0000897
- NCH0001227
- NCH0001618
- NCH0001715
- NCH0004148
- NCH0004185
- NCH0004398
- NCH0004779
- NCH0005435
- NCH0005436
- NCH0005444
- NCH0005588
- NCH0005636
- NCH0005647
- NCH0005798
- NCH0005864
- NCH0005922
- NCH0006229
- NCH0006256
- NCH0006266
- NCH0006535

**INTERROGATORY NO. 12:**

Describe the reasons for Christen Ager-Hanssen's termination as CEO in October 2023 as well as any impact that event had on nChain's involvement in the DistroMint Project.

**RESPONSE TO INTERROGATORY NO. 12:**

nChain UK objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information because it seeks information about "the reasons for Christen Ager-Hanssen's termination as CEO in October 2023," which have nothing to do with the DistroMint Project. nChain UK further objects to the definition of the terms "nChain" and "DistroMint Project," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory because it seeks the discovery of information protected by attorney-client privilege and/or the work product doctrine.

nChain UK also objects to this Interrogatory because it contains two discrete subparts, and therefore treats it as two interrogatories.

nChain UK will not respond to the first part of this Interrogatory because it seeks irrelevant information, but notes that the nChain Group has made public statements concerning Ager-Hanssen's termination as CEO of the nChain Group.

As to the second part of Interrogatory 12, and subject to and without waiver of the foregoing objections, nChain UK states that it was in negotiations with Finnerud concerning the DistroMint Project over the course of 2023, and that

following Ager-Hanssen's termination, nChain UK continued to review the value and risks of Finnerud's purported services. Among the issues was jurisdiction: nChain UK—which has no US presence—was not interested in taking a 50% stake in a United States-based company, for jurisdictional and regulatory reasons, as it had communicated to Finnerud.

**INTERROGATORY NO. 13:**

Describe nChain's reasoning and factual bases for its decision to present the "E.SMITTY/NCHAIN TRANSACTION RESTRUCTURE PROPOSAL" (Exhibit 1) to Plaintiff Finnerud including, but not limited to, nChain's decision to insert a "Governing law" provision into Exhibit 1.

**RESPONSE TO INTERROGATORY NO. 13:**

nChain UK objects to the definition of the term "nChain," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory because it seeks the discovery of information protected by attorney-client privilege and/or the work product doctrine.

Subject to and without waiving the foregoing objections, nChain UK states that it was in negotiations with Finnerud concerning the DistroMint Project over the course of 2023, and that following Ager-Hanssen's termination, nChain UK continued to review the value and risks of Finnerud's purported services. Among the issues was jurisdiction: nChain UK—which has no US presence—was not

interested in investing in a United States-based company, for jurisdictional and regulatory reasons, as it had communicated to Finnerud.

**INTERROGATORY NO. 14:**

Identify all individuals involved or associated with nChain that had responsibility for approving Christen Ager-Hanssen's decision to have nChain initiate a joint venture with Plaintiffs.

**RESPONSE TO INTERROGATORY NO. 14:**

nChain UK objects to this Interrogatory because the phrase "joint venture with Plaintiffs" and its purported "initiation" is undefined, vague and ambiguous. nChain UK further objects to the definition of the term "nChain," as set forth in the "Objections to the Definitions" above. nChain UK further objects to this Interrogatory because it calls for a conclusion as to the disputed issues of fact and/or law.

Subject to and without waiving the foregoing objections, nChain UK responds that nChain UK did not initiate a "joint venture" with Plaintiffs.

**INTERROGATORY NO. 15:**

Identify all facts and documents supporting all of your affirmative defenses and counterclaims asserted.

**RESPONSE TO INTERROGATORY NO. 15:**

nChain UK objects to this Interrogatory as overly broad and unduly burdensome because it seeks information about "*all* facts and documents supporting

*all* of [nChain UK's] affirmative defenses and counterclaims asserted" and improperly seeks a preview of nChain UK's trial presentation through an interrogatory response. nChain UK further objects to this Interrogatory to the extent it seeks the discovery of information protected by any applicable privilege, including but not limited to the attorney-client and/or trial preparation privilege and the work product doctrine, including under foreign law.

nChain UK will not respond to this Interrogatory.

DATED: August 21, 2026
New York, New York

*/s/ Vivek Tata*
Vivek Tata*
Rollo C. Baker*
ELSBERG BAKER & MARURI PLLC
350 Fifth Avenue
New York, NY 10118
Tel. (212) 597-2600
vtata@elsberglaw.com
rbaker@elsberglaw.com

* *pro hac vice*

Samantha R. Mandell
Georgia Bar No. 141689
STANTON LAW
410 Plasters Avenue NE, Suite 200
Atlanta, Georgia 30324
Tel. 404-881-1288
samantha.mandell@stantonlawllc.com

*Counsel for Defendant and Counterclaim-Plaintiff nChain UK Ltd*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC FINNERUD, SOUND ALIVE ENTERPRISE, LLC, and DISTROMINT, LLC, | ) | |
| *Plaintiffs and Counterclaim-Defendants*, | ) | |
| v. | ) | Civil Action File No.: 1:24-cv-05280-SDG |
| NCHAIN UK LTD, | ) | |
| *Defendant and Counterclaim-Plaintiff*. | ) | |

**VERIFICATION**

I, Dale Colin Evans, am an agent of Defendant nChain UK Ltd in the above-captioned action for the purpose of answering Plaintiffs' First Interrogatories. I have read the foregoing interrogatories and the responses (including the supplemental responses) thereto, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2026.

DocuSigned by:
0B364E83FD55466...

Dale Colin Evans