# Exhibit 11

**CONFIDENTIAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ERIC FINNERUD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NCHAIN UK LTD,<br><br>Defendant. | ) | Civil Action File No.:<br>1:24-cv-05280-SDG |

**PLAINTIFFS' RESPONSES TO**
**DEFENDANT'S FIRST REQUESTS FOR ADMISSION**

COME NOW, Plaintiffs in the above-captioned action, Eric Finnerud, Sound Alive Enterprise LLC ("Sound Alive"), and DistroMint LLC ("DistroMint"), by and through undersigned counsel, and pursuant to Rules 26 and 36, Fed. R. Civ. P., as well as Local Rule 26.3, hereby respond to Defendant's First Requests for Admission as follows:

1. Admit that Finnerud and Destiny Perry are members of DistroMint, LLC.

**Response: Admitted.**

2. Admit that Finnerud and Destiny Perry have been members of DistroMint, LLC, since its incorporation.

**Response: Denied as phrased because DistroMint is not a corporation and instead was formed by Articles of Organization. Admitted that Finnerud and Destiny Perry have been members of DistroMint, LLC since its organization.**

3. Admit that the "Development Agreement," as alleged in the Complaint, has not been amended since December 12, 2022.

**Response: Admitted to the extent that the agreement between Finnerud and nChain, through its CEO and ratified by several C-level executives and directors, remained unchanged from the foundation that DistroMint would be a 50/50 partnership in which Finnerud contributed his intellectual property and strategic leverage of his long-standing music industry experience, reputation, goodwill and connections while nChain contributed its financial resources and technical skills and expertise.**

4. Admit that the "Development Agreement," as alleged in the Complaint, does not contain any performance standards, benchmarks, timelines, cost- or loss-allocation provisions, or provision establishing the effective term of the agreement.

**Response: Plaintiffs object to the extent that this Request is vague and ambiguous as to the term "Development Agreement" in light of the established factual record established to date. Admitted that Finnerud and nChain, through its CEO and ratified by several C-level executives and directors, agreed to a 50/50 partnership in which Finnerud contributed his intellectual property and strategic leverage of his long-standing music industry experience, reputation, goodwill and connections while nChain contributed its financial resources and technical skills and expertise. Thereafter, the parties engaged in activities to reflect the foundational agreement, including, for example, the organization of DistroMint, LLC upon request by nChain's CEO; sustained, milestone-based development that included recurring project meetings, weekly delivery status reporting on production; the provisioning of an Amazon Web Services hosting account; $176,000 in Amazon Web Services and Microsoft Azure credits secured for DistroMint; patent prosecution and licensing; marketing services by both parties; and the completion of a minimum viable product, among many other performance standards (including those identified in the "Current Position" column in the restructure proposal [*see, e.g.*, NCH0001868-1870]).**

5. Admit that the business entity controlling the music distribution platform described in the Complaint is DistroMint, LLC.

**Response: Plaintiffs object to the extent that this Request is open to multiple interpretations because the term "controlling" is not defined. Plaintiffs admit that DistroMint, LLC is: the music distribution platform described in the**

**Complaint; the "project" that nChain's CIO described as "very cool" and ratified by the CEO as "very cool and we own 50% of the project" [*see, e.g.*, NCH0004503-4507]; and "the Platform" as referenced in the restructure proposal [*see, e.g.*, NCH0001868-1870], among other similar characterizations.**

6. Admit that no employee or agent of nChain UK met in person in Georgia with any Plaintiff concerning DistroMint, LLC, or the DistroMint platform.

**Response: Plaintiffs object to the extent the terms "employee or agent of nChain UK" and "met in person in Georgia" are vague and ambiguous. Plaintiffs admit that there were nearly one hundred in person meetings between Finnerud and nChain employees or agents while Finnerud was physically in Georgia through telephonic and video conferences although, to Finnerud's knowledge, no such meetings occurred "in person" in a geographical context.**

7. Admit that Finnerud set up an Amazon AWS account for DistroMint and had access to that account as of the filing date.

**Response: Denied to the extent "account for DistroMint" is vague and ambiguous. Plaintiffs admit that, as set forth in the depositions taken to date in this matter, nChain maintained exclusive control over certain aspects of DistroMint accounts and restricted Finnerud from access to those accounts over which nChain exercised sole control.**

8. Admit that Finnerud has made statements on behalf of DistroMint, LLC, to the media.

**Response: Admitted to the extent that both Finnerud and nChain have, throughout 2023, made statements on behalf of DistroMint, LLC to the media in both solo and joint capacities.**

9. Admit that Finnerud never possessed a patent, including any patent concerning "Blockchain Distribution W/NFT Minting."

**Response: Denied to the extent "patent" is vague and ambiguous. Plaintiffs admit the parties engaged in, and nChain paid the vast majority of legal services costs related to, multiple patent prosecutions in multiple jurisdictions. Plaintiffs admit that these patent prosecutions are ongoing to date.**

10. Admit that Finnerud did not personally possess the technical capability to develop a blockchain-based service that would allow artists to distribute music, create non-fungible tokens ("NFTs"), and earn royalties for their art.

**Response: Denied.**

11. Admit that nChain UK representatives advised Finnerud that it was not interested in investing in a United States-based company for jurisdictional and regulatory reasons.

**Response: Denied.**

12. Admit that DistroMint, LLC has no written operating agreement or membership agreement other than the Operating Agreement dated February 20, 2023 [SA0000892].

**Response: Plaintiffs object because SA0000892 is not an "Operating Agreement dated February 20, 2023." Plaintiffs deny that DistroMint, LLC has, or had, an Operating Agreement dated February 20, 2023. Plaintiffs admit that DistroMint, LLC has no written operating agreement or membership agreement. Plaintiffs admit they are aware of a blank 'Operating Agreement' that was provided as a boilerplate form by the company that assisted in filing the organization documents for DistroMint, LLC but that said document was never completed, signed or otherwise executed.**

13. Admit that DistroMint, LLC is a member-managed LLC.

**Response: Admitted.**

14. Admit that document SA0000890 is a record from the Georgia Department of State and is admissible in this litigation.

**Response: Admitted as to authenticity but denied as to admissibility.**

15. Admit that each document produced by any Plaintiff in response to nChain UK's discovery requests in this Action is authentic and admissible in this Action.

**Response: Denied to the extent that this Request seeks a blanket determination on authenticity and admissibility of several thousand documents. Plaintiffs**

**admit that, at minimum, email communications sent from soundalivenow@gmail.com (including attachments to said emails) and received by the same email address (including attachments) are authentic but deny each and every email is admissible under the Federal Rules of Evidence on a blanket basis.**

This 10th day of August, 2026.

/s/ *Mark W. Nonni*
Mark W. Nonni
Georgia Bar No.: 240319
NONNI HOMOLA
410 N Gadsden St.
Tallahassee, FL 32301
Phone: 850-601-1111
Fax: 850-765-2074
Email: Mark@noho.law
Sabrina@noho.law

/s/ *Frederick A. Rispoli*
Frederick A. Rispoli
Cal. Bar No. 321794
HODL LAW CALI, APC
27762 Antonio Pkwy., Ste. L-1 No. 232
Ladera Ranch, CA 92694
Phone: 213-292-5200
Email: Filing@HodlLaw.org
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served or caused to be served a copy of the within and foregoing upon all parties to this matter by email to the following counsel of record:

Samantha R. Mandell
STANTON LAW
410 Plasters Ave. NE, Ste. 200
Atlanta, GA 30324
samantha.mandell@stantonlawllc.com

Rollo C. Baker IV & Vivek Tata
ELSBERG BAKER & MARURI PLLC
1 Penn Plaza, New York, NY 10119
rbaker@elsberglaw.com
vtata@elsberglaw.com

This 10th day of August, 2026.

/s/ *Mark W. Nonni*
Mark W. Nonni
Georgia Bar No.: 240319
NONNI HOMOLA
410 N Gadsden St.
Tallahassee, FL 32301
Phone: 850-601-1111
Fax: 850-765-2074
Email: Mark@noho.law
Sabrina@noho.law

/s/ *Frederick A. Rispoli*
Frederick A. Rispoli
Cal. Bar No. 321794
HODL LAW CALI, APC
27762 Antonio Pkwy., Ste. L-1 No. 232
Ladera Ranch, CA 92694
Phone: 213-292-5200
Email: Filing@HodlLaw.org
*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*